Argued and submitted January 24; conviction on Count 1 reversed and remanded, otherwise affirmed March 23, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVE GARLAND CHRISTOPHER,
*Defendant-Appellant.*

Jackson County Circuit Court
18CR30479; A170065

507 P3d 821

Lisa C. Greif, Judge.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Sercombe, Senior Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; otherwise affirmed.

## PER CURIAM

Defendant was tried to a jury and was convicted of unlawful delivery of methamphetamine, ORS 475.890 (Count 1).[1] He raises four assignments of error that concern jury polling, acceptance of the verdict, and jury instructions, all of which relate to jury unanimity. In addition, defendant raises in a supplemental brief four assignments of error related to whether the trial court plainly erred in various ways as to what constitutes "delivery" for purposes of ORS 475.890. We agree with defendant on his second supplemental assignment of error, which the state also concedes, and we therefore reverse and remand for a new trial on Count 1. We reject without discussion defendant's first supplemental assignment of error, a plain-error challenge to the sufficiency of the evidence. And given our disposition on the second supplemental assignment of error, we need not reach defendant's other assignments.

At defendant's trial, the prosecutor argued, and the jury was instructed on, the "*Boyd*" theory of delivery, by which an inchoate attempted delivery was sufficient to constitute "delivery" under ORS 475.890. Defendant's trial occurred before we decided *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), which overruled *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), and concluded that an attempted delivery under the controlled substances statutes does not include an inchoate attempt; rather, it means a delivery that was unsuccessful or incomplete. *Hubbell*, 314 Or App at 869-70; *see also State v. Fischer*, 315 Or App 267, 268-69, 500 P3d 29 (2021) ("'[A]n attempted transfer' is an incomplete or unsuccessful effort to cause the controlled substances to pass from one person to another."). Because the jury could have relied on the *Boyd* theory, and, because we apply the law that is in effect at the time of the appeal, we agree that the error is plain. *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003)

---

[1] Defendant was also charged in Count 2 with unlawful possession of methamphetamine, ORS 475.894(2)(b) (2018), *amended by* Or Laws 2021, ch 2, § 17 (Ballot Measure 110 (2020)), *amended by* Or Laws 2021, ch 591, § 39, and was acquitted by the jury. In addition, Count 3, criminal forfeiture, ORS 131.582, was tried to the court, which found that the state had proven that charge. Defendant does not challenge the criminal forfeiture on appeal.

(whether error is apparent "must be determined by reference to the law as of the time the appeal is decided"). We therefore accept the state's concession and exercise our discretion to correct the error for the reasons expressed in *Jury*. *Id*. at 139-40 (failure to raise the issue was justified because existing authority was to the contrary, and raising it would have been futile; correction serves the ends of justice; and the error was not harmless). We reverse and remand for a new trial on Count 1.

Conviction on Count 1 reversed and remanded; otherwise affirmed.