Submitted December 2, 2021; convictions on Counts 1, 2, 3, 4, 6, and 13 and verdict on firearm-enhancement element of Count 5 reversed and remanded; convictions on Counts 19 and 21 reversed and remanded for entry of judgment of conviction for attempted delivery on each count, without the commercial drug offense enhancement; remanded for resentencing; otherwise affirmed May 18, 2022

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# ELLIOT SATORU CARR,
aka Elliot Satour Carr,
*Defendant-Appellant.*

## Washington County Circuit Court
19CR61080; A173744

511 P3d 432

Defendant appeals a judgment of conviction for various criminal offenses, challenging, in his opening brief, the trial court's nonunanimous verdict instructions and its acceptance of nonunanimous verdicts on some counts. In supplemental briefing, defendant also asserts that the trial court plainly erred in entering convictions for unlawful delivery of methamphetamine and unlawful delivery of heroin and in classifying those offenses as commercial drug offenses for sentencing enhancement purposes. *Held*: The trial court erred in giving a nonunanimous jury instruction and in receiving nonunanimous verdicts on Counts 1 to 4, the firearm-enhancement element alleged in Count 5, and the guilty verdicts on Counts 6 and 13, where the jury did not unanimously agree on whether defendant personally committed those offenses or aided and abetted in their commission. In light of *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022), decided after trial in this case, the trial court plainly erred in entering convictions for the completed delivery crimes alleged in Counts 19 and 21, requiring, on this record, entry of judgment for attempted delivery on those counts. Finally, the state's evidence was insufficient to prove the "for consideration" factor necessary to classify Counts 19 and 21 as commercial drug offenses and the trial court plainly erred in concluding otherwise.

Convictions on Counts 1, 2, 3, 4, 6, and 13 and verdict on firearm-enhancement element of Count 5 reversed and remanded; convictions on Counts 19 and 21 reversed and remanded for entry of judgment of conviction for attempted delivery on each count, without the commercial drug offense enhancement; remanded for resentencing; otherwise affirmed.

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.

DeVORE, S. J.

Convictions on Counts 1, 2, 3, 4, 6, and 13 and verdict on firearm-enhancement element of Count 5 reversed and remanded; convictions on Counts 19 and 21 reversed and remanded for entry of judgment of conviction for attempted delivery on each count, without the commercial drug offense enhancement; remanded for resentencing; otherwise affirmed.

## DeVORE, S. J.

Defendant was found guilty by a jury of 22 criminal offenses.[1] He appeals the resulting judgment of conviction. In his opening brief, defendant raises four assignments of error challenging the trial court's nonunanimous verdict instructions and the court's acceptance of nonunanimous verdicts on some counts. In supplemental briefing, he asserts four additional assignments alleging plain error with respect to his convictions for unlawful delivery of methamphetamine and heroin (both alleged as commercial drug offenses). As explained below, with respect to the nonunanimous jury issues, we reverse and remand defendant's convictions on Counts 1, 2, 3, 4, 6, and 13, as well as the jury's verdict on the firearm-enhancement element of Count 5. As to defendant's challenge to the delivery convictions, Counts 19 and 21, we reverse and remand for entry of convictions on those charges for attempted delivery, without the commercial drug offense enhancement. We also remand for resentencing. Otherwise, we affirm.

A detailed recitation of the facts would not benefit the bench, bar, or public; we set out the facts that are necessary to our analysis of each of the issues in the discussion that follows.

*Nonunanimous Jury Issues.* At trial, defendant requested an instruction to the jury that a guilty verdict must be reached by unanimous vote. The trial court instead instructed the jury that "ten or more jurors must agree on each of your verdicts." The court also instructed the jury that, "[i]n order to find defendant guilty of any charges alleged * * * in Count 6, 7, 8, 9, 10, 11, 13, 15, 16, 19 and 21, then at least ten or more jurors must agree on whether the defendant personally committed the crime or whether

---

[1] Those offenses were as follows: unlawful use of a weapon, with a firearm (Counts 1 and 3); menacing (Counts 2 and 4); felon in possession of a firearm, with a firearm (Count 5); aggravated first-degree theft (Count 6); aggravated identity theft (Counts 7 to 11); identity theft (Counts 12 to 14); unauthorized use of a vehicle (Counts 15 and 17); possession of a stolen motor vehicle (Counts 16 and 18); unlawful delivery of methamphetamine, commercial drug offense (Count 19); unlawful possession of methamphetamine (Count 20); unlawful delivery of heroin, commercial drug offense (Count 21); and unlawful possession of heroin (Count 22).

he was acting as an aider and abettor to another." The jury returned nonunanimous verdicts on Counts 1, 2, 3, and 4, and with respect to the firearm-enhancement element alleged on Count 5. *See* ORS 161.610(2) (use or threatened use of a firearm by a defendant during the commission of a felony may be pleaded and proved "as an element in aggravation of the crime"; "[t]he unaggravated crime shall be considered a lesser included offense").[2] Moreover, although the jury voted unanimously to convict defendant on Count 6 (aggravated first-degree theft) and Count 13 (identity theft), the jurors were not unanimous as to the theory of liability on those counts—that is, whether defendant personally committed the offenses or aided and abetted the commission of the offenses. Otherwise, the jury's verdicts were unanimous.[3]

In his opening brief on appeal, defendant argues that the trial court erred in giving a nonunanimous jury instruction and in receiving nonunanimous guilty verdicts on Counts 1 to 4, the firearm-enhancement element alleged in Count 5, and the guilty verdicts on Counts 6 and 13, where the jury did not unanimously agree on the theory of liability. The state properly concedes that, in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020) (holding that the Sixth Amendment requires unanimous jury verdicts to convict for a serious offense), the trial court erred in instructing the jury that it could return nonunanimous verdicts and in accepting the nonunanimous jury verdicts. We agree and accept the concession.

That conclusion requires reversal of defendant's convictions on Counts 1 to 4, for which, as noted, the jury's verdicts were not unanimous. It also requires reversal of the jury's nonunanimous verdict on the firearm-enhancement element of Count 5.[4] *See State v. Flores*, 259 Or App 141, 147,

---

[2] Although ORS 161.610 has since been amended, *see* Or Laws 2019, ch 634, § 7, because that amendment does not affect our analysis, we reference the current version here.

[3] The court merged the guilty verdicts for Counts 16 and 18 (possession of a stolen motor vehicle) into, respectively, the convictions on Counts 15 and 17 (unauthorized use of a vehicle).

[4] Although the judgment with respect to Count 5 does not reflect the firearm enhancement, we nonetheless address the jury's nonunanimous verdict on that element to make clear that it may not be imposed on remand.

313 P3d 378 (2013), *rev den*, 354 Or 735 (2014) (adding the use or threatened use of a firearm during the commission of a felony to an offense, which ORS 161.610(2) expressly designates as an element, "creates a new crime, the aggravated crime, which is separate from the 'unaggravated crime'").

That brings us to defendant's argument that his convictions on Counts 6 and 13 must also be reversed and remanded, because the jurors did not unanimously agree on whether defendant personally committed the offenses or aided and abetted in their commission. The state is in accord. We agree with the parties.

In *State v. Pipkin*, 354 Or 513, 527, 316 P3d 255 (2013), the Supreme Court explained that

> "the requirement in Article I, section 11, of the Oregon Constitution that at least 10 jurors must concur 'in a verdict of guilty or not guilty' does not mean that those jurors have to agree only on an outcome. Rather it reflects the proposition that this court posited in [*State v. Boots*, 308 Or 371, 780 P2d 725 (1989), *cert den*, 510 US 1013 (1993),] and reiterated in [*State v. King*, 316 Or 437, 852 P2d 190 (1993)]—*to return a verdict of guilty, the jurors have to agree that the state has proved each legislatively defined element of a crime*."

(Emphasis added.) As relevant here, where ORS 161.155 (2)(b)[5] is in play, that requirement means that the jurors "ordinarily must agree whether a defendant committed a crime him or herself or, alternatively, whether the defendant aided and abetted another person's commission of that crime." *State v. Phillips*, 354 Or 598, 613, 317 P3d 236 (2013). The court explained that

> "the elements necessary to prove liability as an aider and abettor ordinarily will not be coextensive with the elements necessary to prove liability as a principal. It follows that 10 jurors usually will have to agree on the elements necessary to prove that a defendant is liable for aiding and abetting another person's commission of a crime. Put differently, if

---

[5] That statute provides that a person may be criminally liable for the criminal conduct of another person if the person, "[w]ith the intent to promote or facilitate the commission of the crime" "[a]ids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]"

> the state seeks to hold a defendant liable either as the principal or as an aider and abettor and if a party requests an appropriate instruction, the trial court should instruct the jury that at least 10 jurors must agree on each legislatively defined element necessary to find the defendant liable under one theory or the other."

*Id.* at 606 (citation and footnote omitted).

Although *Ramos* has since established that the Sixth Amendment requires jury unanimity to find a defendant guilty of a serious offense—thus displacing Article I, section 11's provision that only 10 jurors need concur in the verdict—*Pipkin* and *Phillips* remain good law as to the issues for which jury concurrence is required. *See State v. Rolfe*, 304 Or App 461, 465 n 1, 468 P3d 503 (2020) (so noting in *dictum*); *State v. Stowell*, 304 Or App 1, 5 n 1, 466 P3d 1009 (2020) (same).

As a result, under *Pipkin* and *Phillips*, the jury was required to agree whether defendant committed the crimes himself or as an aider and abettor; under *Ramos*, that agreement was required to be unanimous. The court erred in instructing the jury to the contrary, and, because the jury returned nonunanimous verdicts on that question on Counts 6 and 13, the court also erred in accepting those verdicts. Accordingly, defendant's convictions on those counts must also be reversed and remanded.

However, we reject defendant's contention that all of his convictions—including those counts on which the jury's verdict was unanimous—must be reversed because the court's instruction permitting a nonunanimous jury verdict constitutes structural error and was not harmless; those arguments are foreclosed by *State v. Flores Ramos*, 367 Or 292, 478 P3d 515 (2020).

*Delivery Convictions.* In supplemental briefing, defendant first contends that, in light of our decision in *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022), which was decided after trial and initial briefing in this case, the court plainly erred in entering convictions for unlawful delivery of methamphetamine, ORS 475.890 (Count 19), and unlawful delivery of heroin, ORS

475.850 (Count 21).[6] The state concedes the error and also that it is appropriate for us to exercise our discretion to correct it. We agree with the parties.

At trial, the state proceeded under an attempted-transfer theory of delivery with respect to Counts 19 and 21. *See* ORS 475.005(8) (defining, for purposes of ORS 475.890 and ORS 475.850, "[d]eliver" or "delivery" to mean "the actual, constructive or *attempted transfer* *** from one person to another of a controlled substance" (emphasis added)).[7] In *Hubbell*, we held that an "attempted transfer" means an "incomplete or unsuccessful transfer" of controlled substances, 314 Or App at 870, that is, "the state's evidence must give rise to an inference that defendant made some effort to cause the controlled substances to pass from one person to another," *id.* at 872. In doing so, we overruled *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988) (evidence of a "substantial step" toward a completed transfer sufficed to prove an "attempted transfer" under ORS 475.005(8)). *Hubbell*, 314 Or App at 867.

In this case, as the state concedes, "there was no evidence that defendant tried to actually transfer drugs to another person but was unsuccessful in doing so." Thus, under *Hubbell*, the state's evidence is insufficient to prove the completed delivery crimes in Counts 19 and 21, and the trial court plainly erred in entering those convictions. *See State v. Jury*, 185 Or App 132, 139, 57 P3d 970 (2002) (we determine plain error "by reference to the law existing as of the time of the appellate decision"). And, we exercise our discretion to correct the error, for the reasons expressed in *State v. Christopher*, 318 Or App 550, 552, 507 P3d 821 (2022) (raising issue would have been futile because existing law was to the contrary, correction serves the ends of justice, and the error was not harmless).

_____

[6] Alternatively, defendant argues that the trial court's instruction to the jury on the definition of delivery, which included the statement, "[p]ossession with intent to deliver constitutes delivery even when there's no actual transfer shown," was plainly erroneous. Because, as explained below, we agree with the parties that the evidence is insufficient to support convictions for completed delivery in Counts 19 and 21, we need not reach that argument.

[7] ORS 475.005 has been amended since the events giving rise to this case; however, the meaning of "deliver" or "delivery" remains the same, so we refer to the current version of the statute in this opinion.

The parties dispute, however, whether we may remand for entry of convictions for the lesser-included inchoate crime of attempted delivery on those two counts, as we did in *Hubbell*. *See* ORS 161.405(1) ("A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."); *Hubbell*, 314 Or App at 870-71 ("[W]here a person has merely taken a substantial step toward the crime of delivery but has not yet attempted the transfer itself, the defendant will have committed the inchoate crime of attempted delivery of a controlled substance.").

The jury convicted defendant of Counts 19 and 21 based on the following evidence. On September 14, 2019, police arrested defendant and his girlfriend, Kostov, and searched their hotel room. In addition to methamphetamine and heroin,[8] the police discovered multiple scales, plastic baggies used for (according to the detective who executed the search warrant) "distributing different quantities of drugs," a box cutter, and other miscellaneous items associated with drugs, such as pipes, needles, and a butane torch.

Further, Kostov testified at trial that defendant was engaged in selling heroin and methamphetamine "from time to time." She relayed that, in addition to their other criminal activities (identity theft, other fraud crimes, and car theft), she and defendant also sold drugs to their friends. She testified that people knew that they kept a large quantity for themselves and "so if they needed some *** we would sell to them." And, she stated, they had the materials for doing that—scales and baggies for repackaging the drugs to resell.

Kostov testified that she kept regular journals, which included detailed information about criminal activity that she and defendant carried out together, for example, lists of cars they had stolen, and things they wanted to do in the future. She testified that the drugs found in the hotel

---

[8] The detective executing the search warrant did not testify to the amount of drugs recovered, nor does the state rely on the quantity of drugs found in defendant's possession to support its argument that entry of convictions for the lesser-included attempt crimes is warranted on this record.

room on September 14 were for her and defendant's personal use. But her journals included an entry dated September 14, 2019, in which she wrote, "[Defendant] to car to sell drill & sell dope." When asked what she meant by that, she testified, "I'm guessing that I meant that we had probably purchased a drill with a credit card and that he probably had found someone online to sell it to and that he was probably going to sell a bag of dope to someone." As to how defendant would have accomplished the drug sale, Kostov stated, "I don't remember that particular instance, but I'm guessing he would have just taken some of our personal supply, weighed it out and then taken it to him."

That evidence—that defendant possessed methamphetamine and heroin, that he would sometimes sell those drugs out of the large quantities that he and Kostov kept for their personal use, that he possessed scales and packaging materials to accomplish that resale, and that there was an impending transaction—that is, on the date the drugs were discovered, defendant was intending to sell drugs to someone—gave rise to the inference that defendant had "intentionally engage[d] in conduct which constitutes a substantial step toward commission of the crime" of delivery. ORS 161.405(1) (defining attempt offense). In other words, the evidence "strongly corroborate[s defendant's] purpose of dealing drugs, advance[s] that purpose, and provide[s] verification of the purpose." *Hubbell*, 314 Or App at 872. *See State v. Buell*, 317 Or App 667, 670-71, 506 P3d 505 (2022) (concluding likewise where defendant possessed an "extremely large quantity" of methamphetamine, a scale, and an open box of sandwich bags, and his cell phone reflected that, within a month and a day respectively from when the drugs were discovered in his possession, he had received two text messages asking about acquiring drugs); *Hubbell*, 314 Or App at 871-72 (same where defendant possessed an "exceptionally large" quantity of fentanyl, along with separate packaging for smaller doses). *Cf. State v. Fischer*, 315 Or App 267, 269, 500 P3d 29 (2021) (no substantial step where defendant possessed the equivalent of 42 user amounts of heroin and 89 user amounts of methamphetamine, but the drugs were not broken down into separate user amounts, there were "no scales, cutting agents, unused packaging materials, or

transaction records," nor was there an "identifiable recipient" or "indication of a plan or an impending transaction").

Here, there was evidence that defendant sold methamphetamine and heroin from time to time, that he had scales, cutting agents, and packaging materials for reselling the drugs in his possession, and that, on the date the drugs were discovered, he was planning to sell drugs to someone. Thus, in finding defendant guilty of the completed crimes based on that evidence, the jury necessarily found that defendant took a "substantial step" toward the commission of the crime of delivery. As we explained in *Hubbell*, "'[w]e have authority under the Oregon Constitution to direct entry of a lesser-included offense that we determine should have been entered by the trial court.'" *Id.* at 873 (quoting *State v. Madison*, 303 Or App 737, 743, 466 P3d 92 (2020) (brackets in *Hubbell*)). Accordingly, as in *Hubbell* and *Buell*, we reverse defendant's convictions for delivery on Counts 19 and 21, but remand for entry of convictions for attempted delivery on those counts.

In his final supplemental assignment of error, defendant raises a plain error challenge to the sufficiency of the evidence that Counts 19 and 21 constituted commercial drug offenses under ORS 475.900(1)(b) (2017), *amended by* Or Laws 2021, ch 591, § 40, for purposes of enhanced sentencing. The state concedes the error, and we agree. The allegations hinged, in this case, on the jury finding that the deliveries were "for consideration" under ORS 475.900 (1)(b)(A) (2017), which, under *State v. Villagomez*, 362 Or 390, 412 P3d 183 (2018), requires the state to prove a completed sale or an existing agreement to sell drugs. That evidence is absent here.

Convictions on Counts 1, 2, 3, 4, 6, and 13 and verdict on firearm-enhancement element of Count 5 reversed and remanded; convictions on Counts 19 and 21 reversed and remanded for entry of judgment of conviction for attempted delivery on each count, without the commercial drug offense enhancement; remanded for resentencing; otherwise affirmed.