Submitted May 11; convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine, remanded for resentencing, otherwise affirmed June 8, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WALTER MAURICIO HERNANDEZ,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR37752; A175060

512 P3d 475

Kathleen E. Johnson, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jonathan N. Schildt, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

PER CURIAM

Convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

After a jury trial, defendant was convicted of unlaw-ful delivery of heroin, ORS 475.850 (Count 1); unlawful pos-session of heroin, ORS 475.854 (Count 2); unlawful delivery of methamphetamine, ORS 475.890(2) (Count 3); and unlaw-ful possession of methamphetamine, ORS 475.894 (Count 4). Each charge was alleged to involve a substantial quantity of a controlled substance, ORS 475.925(1)(b), (c). With regard to Counts 1 and 3, the state's theory of delivery at trial was based on *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988)—possession with intent to deliver.

After this case was tried, we decided *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022), in which we overruled *Boyd* and held that an "attempted transfer" as used in the definition of "delivery," ORS 475.005(8), refers to a particular act of transferring, "not possession with a more generalized intent to deal the drugs at some undetermined point in the future." *Hubbell*, 314 Or App at 870.

On appeal, defendant raises eight assignments of error. Our disposition as to the first two assignments of error obviates the need to address assignments of error three through eight. In his first assignment of error, defendant contends that the trial court plainly erred when it allowed Count 1—unlawful delivery of heroin—to be considered by the jury when the state failed to present legally sufficient evidence to convict defendant of Count 1. In his second assignment of error, defendant contends that the trial court plainly erred when it allowed Count 3—unlawful delivery of methamphetamine—to be considered by the jury when the state failed to present legally sufficient evidence to convict defendant of Count 3.

With regard to defendant's first two assignments of error, the state concedes that, given our decision in *Hubbell*, the evidence was legally insufficient to support defendant's convictions on Counts 1 and 3, and that his convictions on Counts 1 and 3 are plainly erroneous. We agree and accept the state's concession. Further, we exercise our discretion to correct the error for the reasons expressed in *State v.*

*Jury*, 185 Or App 132, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (failure to raise the issue was justified because existing authority was to the contrary and raising it would have been futile; correction serves the ends of justice; and the error was not harmless).[1]

But, as in *Hubbell*, we conclude on this record that, in finding defendant guilty of the completed crimes of delivery, the jury necessarily found that defendant took a "substantial step" toward the commission of the crimes of delivery of heroin and methamphetamine. *See State v. Carr*, 319 Or App 684, 693, 511 P3d 432 (2022). We therefore reverse the delivery convictions on Counts 1 and 3 and remand for entry of convictions for the lesser-included crimes of attempted delivery of heroin and methamphetamine and for resentencing.

Convictions on Counts 1 and 3 for delivery of heroin and methamphetamine reversed and remanded for entry of convictions for attempted delivery of heroin and methamphetamine; remanded for resentencing; otherwise affirmed.

---

[1] The state "does not contest this court exercising its discretion to review for plain error in this case," although it "maintains that that discretionary review may not be appropriate in every case where defendant raises an unpreserved sufficiency [of the evidence] challenge under *Hubbell*."