***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted May 11; conviction on Count 1 for delivery of methamphetamine reversed and remanded for entry of conviction for attempted delivery of methamphetamine, remanded for resentencing, otherwise affirmed July 7; petition for review denied November 23, 2022 (370 Or 472)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LONNIE RAY NORD,
*Defendant-Appellant.*

Douglas County Circuit Court
19CR02221; A174585

Frances Elaine Burge, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Conviction on Count 1 for delivery of methamphetamine reversed and remanded for entry of conviction for attempted delivery of methamphetamine; remanded for resentencing; otherwise affirmed.

**TOOKEY, P. J.**

During a traffic stop, police found in defendant's possession a substantial amount of methamphetamine, some of it packaged for sale, unused packaging material, a scooper to measure methamphetamine, and a scale. Based on that evidence, defendant was charged with and, after a jury trial, convicted of unlawful delivery of methamphetamine, ORS 475.890(2) (Count 1), and unlawful possession of methamphetamine, ORS 475.894 (Count 2).[1] Each charge was alleged to involve a substantial quantity of a controlled substance. ORS 475.925(1)(b), (c).[2] At trial, the state's theory in support of the charge of unlawful delivery was that defendant made an "attempted transfer" of methamphetamine by taking a substantial step toward a completed delivery by possessing nonuser amounts of the drug measured and packaged for sale—a theory that we approved in *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988).

In his first assignment of error on appeal, defendant contends that the trial court erred in denying his motion to suppress evidence obtained in the police search of defendant's vehicle. We reject that assignment without discussion.

In the second and third assignments of error of his opening brief and in his supplemental briefing, defendant raises several unpreserved challenges to the validity of the *Boyd* theory of delivery. After this case was tried, we decided *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022), in which we overruled *Boyd* and held that an "attempted transfer" as used in the definition of "delivery," ORS 475.005(8), refers to a particular act of transferring, "not possession with a more generalized intent to deal the drugs at some undetermined point in the future." *Hubbell*, 314 Or App at 870.

The state concedes that, given our decision in *Hubbell*, the evidence presented at trial was legally

___

[1] Defendant was also convicted of driving while suspended, ORS 811.182 (Count 3). He does not challenge that conviction on appeal.

[2] One of the baggies contained 1.6 grams of methamphetamine, two other baggies contained 3.8 grams of methamphetamine in each, and officers found over ten grams of liquid methamphetamine in a vial and a "loaded syringe."

insufficient to support defendant's conviction on Count 1 and that his conviction on Count 1 is plainly erroneous. We agree and accept the state's concession. Further, we exercise our discretion to correct the error for the reasons expressed in *State v. Jury*, 185 Or App 132, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (failure to raise the issue was justified because existing authority was to the contrary and raising it would have been futile; correction serves the ends of justice; and the error was not harmless).

But, as in *Hubbell*, we conclude on this record that, in finding defendant guilty of the completed crime of delivery, the jury necessarily found that defendant took a "substantial step" toward the commission of the crime of delivery of methamphetamine, and that the evidence was sufficient for the jury to so find. *See State v. Carr*, 319 Or App 684, 693, 511 P3d 432 (2022). We therefore reverse the delivery conviction on Count 1 and remand for entry of conviction for the lesser-included crime of attempted delivery of methamphetamine and for resentencing.

Conviction on Count 1 for delivery of methamphetamine reversed and remanded for entry of conviction for attempted delivery of methamphetamine; remanded for resentencing; otherwise affirmed.