***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted May 4; Counts 1, 5, and 9 reversed and remanded for entry of
judgment of conviction for attempted delivery on each count; Count 7 reversed
and remanded, remanded for resentencing, otherwise affirmed July 27, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORDAN ADAM ROSAS,
*Defendant-Appellant.*

Washington County Circuit Court
20CR31621; A174752

Erik M. Buchér, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Pagán, Judge, and Armstrong, Senior Judge.

SHORR, P. J.

Counts 1, 5, and 9 reversed and remanded for entry of judgment of conviction for attempted delivery on each count; Count 7 reversed and remanded; remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for unlawful delivery and possession of heroin (Counts 1 and 2), unlawful delivery and possession of cocaine (Counts 5 and 6), unlawful delivery and possession of a Schedule IV controlled substance (Counts 9 and 10), and giving false information to a police officer (Count 11). Defendant also was found guilty on Count 7, delivery of a Schedule II controlled substance, which the court merged into the conviction on Count 5, and found guilty on Count 8, possession of a Schedule II controlled substance, which the court merged into Count 6.[1] He raises four assignments of error, two of which relate to the sufficiency of the evidence in support of the delivery counts. For the reasons explained below, we reverse defendant's convictions on Counts 1, 5, and 9 and remand for entry of convictions for attempted delivery on each of those counts. We also reverse and remand the guilty verdict on Count 7 for the same reasons, remand for resentencing, and otherwise affirm.

In defendant's first assignment of error, he asserts that the trial court plainly erred by not *sua sponte* striking certain testimony of a police officer as impermissible vouching. We do not agree that any error was plain and, therefore, reject defendant's first assignment of error.

In defendant's second and third assignments of error, he contends that the trial court erred 1) in not granting his motion for judgment of acquittal (MJOA) on Counts 1, 5, 7, and 9, all of which alleged unlawful delivery of various controlled substances, and 2) by instructing the jury that "possession with intent to deliver constitutes delivery even when no actual transfer is shown." The state concedes that under the reasoning in *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022), the evidence was insufficient to support convictions for the completed crimes of delivery of a controlled substance alleged in Counts 1, 5, 7, and 9, therefore it was error to deny defendant's MJOA. We agree with and accept the state's concession.[2]

---

[1] Defendant was acquitted on Counts 3 and 4.

[2] Because we agree with the parties that the evidence was insufficient to support convictions for completed delivery, we need not reach defendant's third assignment regarding the jury instruction.

The parties dispute whether we may remand those counts for entry of convictions for the lesser-included crimes of attempted delivery of the controlled substances. A detailed description of the underlying facts would not benefit the bench, the bar, or the public. We conclude on this record that, in finding defendant guilty of the completed crimes of delivery, the jury necessarily found defendant guilty of attempted delivery—in other words, that defendant took a "substantial step" toward the completed crimes of delivery of a controlled substance. *See State v. Carr*, 319 Or App 684, 693, 511 P3d 432 (2022); ORS 161.405(1) (defining attempt offense). We also conclude that there was sufficient evidence for the jury to have found defendant guilty of attempted delivery. Accordingly, we reverse defendant's convictions on Counts 1, 5, and 9 and remand for entry of convictions for attempted delivery on each of those counts. The guilty verdict for Count 7, which the trial court merged into Count 5 and therefore disposed of without a conviction, similarly must be reversed and remanded, as the evidence supports a finding of guilt only for an attempt rather than a completed offense.[3]

Defendant's fourth assignment of error is that the trial court erred when it identified Counts 7 and 9 as "Mfg/Delivery Controlled Substance" in the judgment, when there was no allegation in the indictment that he had manufactured a controlled substance. The state concedes that it was error to include "Mfg" in the judgment and that those clerical errors should be corrected, although it notes that depending on the resolution of the second and third assignments of error, that assignment might become moot. Our resolution of the second assignment of error obviates the need for us to reach defendant's fourth assignment.

Counts 1, 5, and 9 reversed and remanded for entry of judgment of conviction for attempted delivery on each count; Count 7 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[3] The trial court can address at resentencing whether it is appropriate to merge those counts.