Argued and submitted September 2; convictions on Counts 6 and 7 reversed, remanded for resentencing, otherwise affirmed October 13; appellant's petition for reconsideration filed December 1, 2021, allowed by opinion February 24, 2022 See 317 Or App 667, ___ P3d ___ (2022)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# MICHAEL PAUL BUELL,
*Defendant-Appellant.*

Marion County Circuit Court
18CR32915; A170329

498 P3d 349

In this criminal appeal, defendant was convicted, among other crimes, of two counts of theft in the first degree under ORS 164.055, based on his possession of two firearms that were reported stolen. He assigns error to the trial court's denial of his motion for judgment of acquittal, arguing that the state failed to prove that defendant knew or believed that the firearms were stolen when he received them. *Held*: The evidence was insufficient to prove, beyond a reasonable doubt, that defendant knew that the guns were stolen. Accordingly, the trial court erred in denying defendant's motion for judgment of acquittal on the two counts of theft.

Convictions on Counts 6 and 7 reversed; remanded for resentencing; otherwise affirmed.

J. Channing Bennett, Judge.

Kali Montague, Deputy Public Defender, argued the cause for appellant. Also on the opening and reply briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Michael Paul Buell filed the supplemental brief *pro se*.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Daniel Norris, Assistant Attorney General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Convictions on Counts 6 and 7 reversed; remanded for resentencing; otherwise affirmed.

**LAGESEN, P. J.**

Defendant appeals a judgment of conviction for one count of delivery of methamphetamine, ORS 475.890; one count of felon in possession of a firearm, ORS 166.270; and two counts of theft in the first degree, ORS 164.055. We conclude that there is insufficient evidence to support a finding that defendant had the requisite mental state to be convicted of theft. We therefore reverse those convictions and remand for resentencing but otherwise affirm.

This case started when defendant, who has a prior felony conviction, was involved in a two-car collision in Salem. Defendant was taken to the hospital. While medical staff was preparing him for x-rays, they discovered that defendant had a Glock in a holster. They also found a glass pipe in his pocket. Defendant initially had tried to shield the gun from view of hospital staff.

The hospital notified police about those discoveries, and the police took possession of the items. Officers ran the gun and determined that it had been stolen three days earlier. A grainy video capturing that theft reflected that it had been committed by a man who was not identifiable from the video.

Officers then obtained a warrant to search defendant's car. In the car, the officers found three handguns—a Derringer, a Beretta, and a Springfield. The Springfield, like the Glock, had been reported as stolen. The search also yielded a large quantity—about four pounds—of methamphetamine, a scale, packaging materials, and related items. A later search of defendant's cellphone revealed text messages related to drug transactions.

Those discoveries led to the charges against defendant. As for the theft charges, the indictment alleged that defendant committed theft of the Springfield and theft of the Glock. The state's theory as to *how* defendant had committed the alleged thefts was, and remains, vague. At times, the state argued a theft by receiving theory, ORS 164.095(1),[1] but

---

[1] "A person commits theft by receiving if the person receives, retains, conceals or disposes of property of another knowing or having good reason to know that the property was the subject of theft." ORS 164.095(1).

it requested that the jury be instructed on theft by taking under an appropriation theory, ORS 164.015(1),[2] so the jury was instructed on theft by taking not theft by receiving. So instructed, the jury found defendant guilty of both counts of theft, and also of delivery of methamphetamine and felon in possession of a firearm.

On appeal, defendant contends that there is insufficient evidence to convict him of theft. In particular, he contends there is insufficient evidence to support a finding that he had the mental state necessary to commit theft by receiving and that there was no evidence that he committed theft by taking. Without fully nailing down what theory of theft was in play—whether it was a theft-by-receiving or a theft-by-appropriation case—the state responds that there was sufficient evidence to support a finding that defendant knew that the guns were stolen and possessed them with that knowledge.

Because the state does not dispute that its theory of the thefts in this instance required it to prove that defendant knew or believed that the guns were stolen, as would be required for proof of theft-by-receiving, we examine whether the evidence would permit a finding that defendant had that mental state.[3] *See State v. Smith*, 252 Or App 707, 715-16, 288 P3d 974 (2012), *rev den*, 353 Or 429 (2013) (explaining that applicable standard required proof of the defendant's actual knowledge or belief, "a subjective intent, rather than the 'good reason to know' reasonable-person standard" (citation omitted)). That is, we must determine whether, viewing the evidence in the light most favorable to the state, a rational factfinder could have found beyond a reasonable

---

[2] "A person commits theft when, with intent *** to appropriate property to the person or to a third person, the person *** appropriates *** such property from an owner thereof." ORS 164.015(1).

[3] Oral argument revealed that this case has yet another wrinkle. Counsel for the state pointed out that, notwithstanding the parties' apparent agreement in the trial court that the theft charges in this case required proof that defendant knew that the guns were stolen, the court never instructed the jury on that mental state. The parties agree that that omission of the mental state element, on its own, would require a reversal of the theft counts and a remand for a new trial on them, in the event that we were to conclude that the evidence would support a finding of defendant's knowledge. We appreciate the candor with which counsel for the state brought that omission to our attention at argument, and the professionalism of both parties' lawyers in addressing the issue at argument.

doubt that defendant knew or believed the guns were stolen. *State v. Korth*, 269 Or App 238, 243, 344 P3d 491 (2015).

It would not. Possession or proximity to stolen goods—even under some suspicious circumstances—does not, on its own, allow for a finding that a person actually knows or believes that they are stolen. We have recognized this often. *Korth*, 269 Or App at 245-47 (actual knowledge that truck was stolen not inferable from the facts that the defendant was driving it, possessed jiggle key, and gave an implausible story about having borrowed the truck); *State v. Shipe*, 264 Or App 391, 398-99, 332 P3d 334 (2014) (actual knowledge that truck was stolen not inferable from the facts that the defendant was driving it, had with him a "crime committing kit" and stolen property, and lied about who gave him the truck); *State v. Pickens*, 6 Or App 133, 135, 487 P2d 95 (1971) ("Mere possession of recently stolen goods is not sufficient to prove guilty knowledge.").

Here, the circumstantial evidence of defendant's knowledge requires even greater speculation than the evidence that we concluded was insufficient in *Korth* and *Shipe*. Although defendant's attempt to shield the Glock from detection by hospital staff might allow for an inference of guilty knowledge of some sort, it does not allow for a finding that defendant had the particularized knowledge or belief that the gun was stolen. *See Korth*, 269 Or App at 246 (noting that, while circumstances would allow for finding that the defendant had knowledge of some wrongdoing, it would not allow for the more specific finding that the defendant knew that the truck he possessed was stolen). As the state appears to recognize in its brief, defendant's efforts to shield the Glock, to the extent they evidence guilty knowledge, could well evidence the guilty knowledge that defendant's status as a felon meant he should not possess the guns. Or, given that defendant was attempting to conceal the gun from hospital staff, it could simply be evidence of knowledge that firearms are not permitted in hospitals. The presence of numerous alternative explanations that could account for defendant's behavior in his situation makes it too speculative to infer that any guilty knowledge that defendant had was the knowledge that the guns were stolen. *See Korth*, 269 Or App at 246-47 (concluding it was speculative to infer that

the defendant's guilty knowledge was the knowledge that the truck he possessed was stolen where the record gave rise to the inference that the defendant's guilt stemmed from a different source).

In arguing for a different conclusion, the state focuses on the fact that defendant was a felon involved in the drug business, and points to general testimony from an officer about how felons cannot obtain guns legally and how persons in the drug trade frequently trade drugs for weapons. In the state's view, this makes it inferable that defendant knew or believed that the weapons in his possession were stolen. That generic evidence about how felons involved in the drug trade obtain weapons might be enough to prove that defendant had notice that some of the guns he possessed could have been stolen. But the standard, as the Supreme Court and this court have interpreted and applied the statute, requires proof of actual knowledge or belief, not proof that a person reasonably should have known or believed that property may have been stolen. *Smith*, 252 Or App at 715-16. That necessarily requires proof of particularized facts about a defendant's connection to the specific property alleged to be the product of theft. The trial court should have granted defendant's motion for judgment of acquittal on the theft counts.

This conclusion dispenses with the need to address the bulk of defendant's remaining assignments of error, with the exception of those raised in a *pro se* supplemental brief. We have considered those contentions and reject them without further written discussion.

Convictions on Counts 6 and 7 reversed; remanded for resentencing; otherwise affirmed.