Argued and submitted November 24, 2020; convictions on Counts 1 and 2 reversed, remanded for resentencing, otherwise affirmed October 20, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHELLY MARIE FISCHER,
*Defendant-Appellant.*

Marion County Circuit Court
18CR30393; A170543

500 P3d 29

Donald D. Abar, Judge.

Joshua Crowther, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Convictions on Counts 1 and 2 reversed; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals from a judgment convicting her of four drug offenses and one theft offense, raising five assignments of error. We agree with her first and second assignments that the trial court erred in denying her motion for judgment of acquittal on charges of delivery of heroin and of methamphetamine within 1,000 feet of a school, respectively ORS 475.852 (heroin) (Count 1) and ORS 475.892 (methamphetamine) (Count 2). We reject without discussion her third assignment that the court erred by denying her special jury instruction under ORS 475.898(2), involving immunity from prosecution for possession of controlled substances (Counts 3 and 4) in certain circumstances. We agree with her fourth assignment that the trial court erred in giving a jury instruction that failed to require a unanimous jury verdict, but, due to the jury's unanimous verdicts on Counts 2 through 5, we conclude that the error was harmless beyond a reasonable doubt on those counts. *State v. Flores Ramos*, 367 Or 292, 333-34, 478 P3d 515 (2020). We do not reach her fifth assignment, challenging the nonunanimous verdict on Count 1, because we reverse that verdict with her first assignment of error. Accordingly, we reverse defendant's convictions as to the delivery charges, Counts 1 and 2, remand for resentencing, and otherwise affirm.

In this case, a full review of the facts would not be of benefit to bench, bar, or public. It suffices to observe that, at trial on the two delivery charges here, the prosecution alleged that defendant engaged in delivery of heroin or methamphetamine based on what the prosecution termed "constructive delivery" or what we formerly understood as "attempted transfer" under ORS 475.005(8) as determined in *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988). The prosecution relied on the quantities of controlled substances in defendant's possession, rather than the circumstances, to infer delivery.

Recently, in *State v. Hubbell*, 314 Or App 844, 867, 500 P3d 728 (2021), we overruled *Boyd*, and determined that delivery by "an attempted transfer" is an incomplete or unsuccessful effort to cause the controlled substances to

pass from one person to another. In other words, "the state's evidence must give rise to an inference that [the] defendant made some effort to cause the controlled substances to pass from one person to another." *Id.* at 872. Where a person has taken a substantial step toward the crime of delivery but has not yet attempted the transfer itself, the person will have committed the inchoate crime of attempted delivery of a controlled substance, rather than delivery. *Id.* at 870-71.

In this case, defendant was in possession of 4.28 grams of heroin in three bindles that she recovered by regurgitating them. The last bindle was regurgitated after defendant drank half a bottle of hydrogen peroxide, which she took without payment from a store. The three bindles contained 42 user amounts. Her handbag held 8.91 grams of methamphetamine—the equivalent of 89 user amounts. The drugs were not broken down into separate user amounts, and she lacked distribution packaging. Defendant had no scales, cutting agents, unused packaging materials, or transaction records. There was no identifiable recipient of the drugs, and there was no indication of a plan or an impending transaction.

On that record, we conclude that there was insufficient evidence of the element of transfer.[1] Similarly, there was insufficient evidence that defendant took a "substantial step" toward the crime of delivery of a controlled substance so as to support entry of a conviction for the lesser-included crime of attempt.[2] *See* ORS 161.405(1) ("A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."). The trial court erred when it failed to grant defendant's motion for judgment of acquittal on the charges of delivery of heroin and methamphetamine near a school.

---

[1] Although the record includes testimony that defendant had had contact with a man in a car in a parking lot outside the store, nothing further was in evidence related to that contact.

[2] In *Hubbell*, one baggie contained a full ounce of fentanyl, while one contained .23 grams, and four baggies contained only .04 grams each. Three or four empty baggies contained residue. 314 Or App at 849. There, the state contended that, under the circumstances, defendant had taken a substantial step toward the crime of delivery, and we agreed. *Id*. at 871, 873.

We reverse the conviction on the delivery offenses (Counts 1 and 2) and otherwise affirm the conviction on possession (Counts 3 and 4) and theft (Count 5).

Conviction on Counts 1 and 2 reversed; remanded for resentencing; otherwise affirmed.