On appellant's petition for reconsideration filed December 1; reconsideration allowed, former disposition withdrawn, opinion (315 Or App 124, 498 P3d 349 (2021)) modified and adhered to as modified, conviction on Count 1 reversed and remanded for entry of a conviction for attempted delivery of a controlled substance, convictions on Counts 6 and 7 reversed, remanded for resentencing, otherwise affirmed February 24, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL PAUL BUELL,
*Defendant-Appellant.*

Marion County Circuit Court
18CR32915; A170329

506 P3d 505

Petitioner seeks reconsideration of *State v. Buell*, 315 Or App 124, 498 P3d 349 (2021), insofar as the Court of Appeals rejected without discussion a *pro se* supplemental assignment of error challenging the sufficiency of the evidence supporting his conviction for delivery of methamphetamine, ORS 475.890 (Count 1). Defendant contends that reconsideration of that assignment of error is warranted on the ground that the court overlooked its decision in *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), decided two weeks before it issued the decision in this case. *Held*: As in *Hubbell*, the evidence at trial allowed for a reasonable inference that defendant had taken a substantial step toward a transfer of controlled substances, but not for a finding that defendant's endeavors had advanced so far toward the completed crime that he had actually made an effort to cause the transfer. The court therefore allowed reconsideration, reversed defendant's conviction on Count 1, and remanded for entry of a judgment of conviction for the lesser-included offense of attempted delivery on that count. Beyond that change, the court adhered to its opinion, in which it reversed the convictions on Counts 6 and 7, remanded for resentencing, and otherwise affirmed.

Reconsideration allowed; former disposition withdrawn; opinion modified and adhered to as modified; conviction on Count 1 reversed and remanded for entry of a conviction for attempted delivery of a controlled substance; convictions on Counts 6 and 7 reversed; remanded for resentencing; otherwise affirmed.

J. Channing Bennett, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, for petition.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

LAGESEN, C. J.

Reconsideration allowed; former disposition withdrawn; opinion modified and adhered to as modified; conviction on Count 1 reversed and remanded for entry of a conviction for attempted delivery of a controlled substance; convictions on Counts 6 and 7 reversed; remanded for resentencing; otherwise affirmed.

## LAGESEN, C. J.

Petitioner seeks reconsideration of our prior decision in this matter, *State v. Buell*, 315 Or App 124, 498 P3d 349 (2021), insofar as we rejected without discussion a *pro se* supplemental assignment of error challenging the sufficiency of the evidence supporting his conviction for delivery of methamphetamine, ORS 475.890 (Count 1). *Buell*, 315 Or App at 128 (rejecting without discussion the assignments of error raised in the *pro se* supplemental brief). Defendant contends reconsideration of that assignment of error is warranted on the ground that we may have overlooked our decision in *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), decided just two weeks before we issued our decision in this case. ORAP 6.25(1)(e). According to defendant, when his *pro se* supplemental assignment of error is considered under *Hubbell*, he is entitled to reversal of his conviction for delivery of methamphetamine and a remand for entry of a judgment of acquittal or, alternatively, for entry of a judgment of conviction for the lesser-included offense of attempted delivery of methamphetamine.

On closer inspection of defendant's arguments in his *pro se* supplemental brief, we agree. In fact, defendant's *pro se* arguments now appear prescient in light of *Hubbell*, something we overlooked when we affirmed his conviction for delivery without discussing his *pro se* challenge to it. We therefore allow reconsideration, reverse defendant's conviction on Count 1, and remand for entry of a judgment of conviction for the lesser-included offense of attempted delivery on that count. We otherwise adhere to our prior decision.

As defendant correctly notes, in *Hubbell*, we overruled *State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988). *Boyd* had relied on the statute defining the inchoate crime of "attempt," ORS 161.405(1), to conclude that an "attempted transfer" within the meaning of the statute defining the offense of "delivery," ORS 475.005(8), meant taking a "substantial step" toward transferring controlled substances. As we recognized in *Hubbell*, that approach had little footing in the text, context, and legislative history of ORS 475.005(8), and effectively resulted in what should have been treated as the inchoate, lesser-included crime of

attempted delivery being treated as the completed offense of delivery. *Hubbell*, 314 Or App at 856-67. Instead, when ORS 475.005(8) is properly construed, an "attempted transfer" requires proof of an "incomplete or unsuccessful transfer" of a controlled substance from one person to another. *Id*. at 870. That is,

> "If a defendant has tried to actually transfer a controlled substance to another person, that defendant will be guilty of the completed offense, regardless of whether the transfer itself was successful. But, where a person merely has taken a substantial step toward the crime of delivery but has not yet attempted the transfer itself, the defendant will have committed the inchoate crime of attempted delivery of a controlled substance."

*Id*. at 870-71.

Applying that standard in *Hubbell*, we concluded that the evidence was insufficient to support the defendant's conviction for delivery but was sufficient to support a conviction for the lesser-included offense of attempted delivery. We explained that the "exceptionally large amount of fentanyl" in the defendant's possession, together with packaging materials for smaller doses, "gives rise to an inference that the drugs were acquired and possessed for future transfer," something that would be sufficient to support a finding that the defendant had taken a "substantial step" toward the crime of delivery, making him guilty of the inchoate crime of attempted delivery. *Id*. at 871-72. The evidence was not, however, sufficient to support a conviction for delivery because there was no evidence allowing for "an inference that [the] defendant made some effort to cause the controlled substance to pass from one person to another." *Id*. at 872.

Applying that standard here leads to the same outcome. The evidence at trial showed that defendant possessed an extremely large quantity of methamphetamine—four pounds, which equates to approximately about 17,000 individual doses. Defendant also possessed a scale and an open box of sandwich bags, something commonly used to package drugs. Defendant's cell phone reflected that on two occasions—about a month before he was discovered with the

drugs and then, again, the day before—he had received text messages asking about acquiring drugs. The phone also showed that he had responded to the message a month earlier but did not show a response to the message a day earlier.

As in *Hubbell*, this evidence would allow for a reasonable inference that defendant had taken a substantial step toward a transfer of controlled substances by acquiring and possessing amounts indicative of distribution and materials usable for packing individual portions. It would not, however, allow for a finding that defendant's endeavors had advanced so far toward the completed crime that he had actually made an effort to cause the transfer of some or all of the methamphetamine in his possession to another person. At best, the text messages would allow the inference that defendant had future buyers waiting, but not an inference that he had put a transfer in motion as is required under *Hubbell*'s construction of ORS 475.005(8).

Accordingly, as in *Hubbell*, we reverse defendant's conviction for delivery but remand for an entry of a judgment of conviction for attempted delivery of methamphetamine. Beyond this change, we adhere to our opinion, in which we reversed the convictions on Counts 6 and 7, remanded for resentencing, and otherwise affirmed.

Reconsideration allowed; former disposition withdrawn; opinion modified and adhered to as modified; conviction on Count 1 reversed and remanded for entry of a conviction for attempted delivery of a controlled substance; convictions on Counts 6 and 7 reversed; remanded for resentencing; otherwise affirmed.