Submitted December 22, 2021; conviction for delivery of methamphetamine reversed and remanded for entry of a conviction for attempted delivery of methamphetamine, remanded for resentencing, otherwise affirmed June 15, 2022

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JARED CHARLES DIPPRE,
*Defendant-Appellant.*

Lincoln County Circuit Court
19CR65879; A172987

512 P3d 835

Defendant appeals from a judgment of conviction for unlawful delivery of methamphetamine, ORS 475.890(2), and unlawful possession of methamphetamine, ORS 475.894(2)(b) (2019). Defendant first contends that the trial court plainly erred when it instructed the jury that it needed to be unanimous when, in fact, defendant could be acquitted by a 10-2 or 11-1 jury vote. In supplemental briefing, defendant raises two additional assignments of error, together contending that the trial court plainly erred by entering a conviction for unlawful delivery of methamphetamine and in allowing the state to argue that defendant was guilty of that crime based on his possession of methamphetamine and instruments that could be used to deliver drugs. *Held*: Because the jury unanimously voted to convict defendant, any error in instructing the jury regarding unanimity was harmless. *State v. Martineau*, 317 Or App 590, 594-95, 505 P3d 1094 (2022). Next, the trial court erred in entering a conviction for unlawful delivery of methamphetamine. However, the evidence was legally sufficient to establish that defendant took a substantial step toward that crime.

Conviction for delivery of methamphetamine reversed and remanded for entry of a conviction for attempted delivery of methamphetamine; remanded for resentencing; otherwise affirmed.

Amanda R. Benjamin, Judge pro tempore.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Conviction for delivery of methamphetamine reversed and remanded for entry of a conviction for attempted delivery of methamphetamine; remanded for resentencing; otherwise affirmed.

**SHORR, J.**

Defendant appeals from a judgment of conviction for unlawful delivery of methamphetamine (Count 1), ORS 475.890(2), and unlawful possession of methamphetamine (Count 2), ORS 475.894(2)(b) (2019).[1] Defendant first contends on appeal that the trial court plainly erred when it instructed the jury that it needed to be unanimous in reaching a not-guilty as well as a guilty verdict when, in fact, defendant could be acquitted by a 10-2 or 11-1 jury vote. Because the jury unanimously voted to convict defendant, we conclude that any error under those circumstances was harmless. *State v. Martineau*, 317 Or App 590, 594-95, 505 P3d 1094 (2022). In supplemental briefing, defendant raises two additional assignments of error, together contending that the trial court plainly erred by entering a conviction for unlawful delivery of methamphetamine on Count 1 and in allowing the state to argue that defendant was guilty of that crime based on his possession of methamphetamine and instruments that could be used to deliver drugs. As we explain below, we need not address defendant's second supplemental assignment of error because we agree with his first, that the trial court erred in entering a conviction for unlawful delivery of methamphetamine on Count 1. However, for the reasons explained below, the appropriate disposition is to reverse and remand for entry of a conviction for the lesser-included, inchoate crime of attempted unlawful delivery of methamphetamine.

We begin by addressing defendant's first assignment of error and his argument that the trial court plainly erred in instructing the jury that a unanimous verdict was required for not-guilty as well as guilty verdicts. This case was tried before the United States Supreme Court held that the Sixth Amendment to the United States Constitution requires unanimous guilty verdicts in criminal prosecutions for serious offenses in state courts. *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). However, before trial, the prosecutor indicated that he would not object

---

[1] The court granted a motion for judgment of acquittal on Count 3, unlawful possession of heroin, ORS 475.854 (2019). Both ORS 475.894 and ORS 475.854 were significantly amended after the relevant events in this case, but those amendments are not relevant to our consideration on appeal.

to a unanimous jury instruction if defendant requested one. Defendant indicated that he was requesting one. During trial, the court instructed the jury that "[t]his being a criminal case, all twelve jurors must agree on the verdict." Defendant did not object to that instruction.

As noted, *Ramos* held that the United States Constitution requires a unanimous verdict to convict an accused defendant in state court. *State v. Ross*, 367 Or 560, 567, 481 P3d 1286 (2021) (explaining *Ramos*). However, *Ramos* did not prohibit Oregon laws from allowing a nonunanimous vote to acquit. *Ross*, 367 Or at 573. Article I, section 11, of the Oregon Constitution and ORS 136.450 continue to provide that a jury may acquit a defendant by a concurrence of at least 10 jurors. *Ross*, 367 Or at 565.

On appeal, defendant argues that the trial court plainly erred in instructing the jury that it had to be unanimous and, relatedly, in failing to instruct the jury that it could reach a nonunanimous 10-2 or 11-1 verdict to acquit. The state agrees that the instruction was incorrect. However, the state responds that we should not reach defendant's plain-error argument because defendant invited any error by requesting the unanimous-jury instruction. In the alternative, the state argues that any error was harmless because the jury convicted defendant by unanimous votes. We conclude that, even assuming the error was not invited, any error in instructing the jury that it could only acquit defendant by a unanimous vote was harmless when the jury instead convicted defendant by a unanimous vote. *Martineau*, 317 Or App at 594-95. Defendant contends that a harmless-error analysis should not apply in these circumstances. The defendant in *Martineau* raised that identical argument, and we reject it here for the reasons expressed in our opinion in that case. *Id.* at 592-93.

We turn to defendant's supplemental assignments of error. As noted, defendant raises two supplemental assignments of error that together contend that, pursuant to *State v. Hubbell*, 314 Or App 844, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022), the trial court plainly erred in entering a conviction for delivery of methamphetamine, and in permitting the state to argue that defendant was guilty of

delivery of methamphetamine based on evidence that he had possessed methamphetamine and certain instruments that could be used to deliver drugs.

The state first concedes that the trial court plainly erred in entering the delivery conviction, and we accept that concession. At the time of defendant's trial, Oregon law had, for over 30 years, treated evidence of possession of a large amount of drugs and the intent to sell them as sufficient to prove the completed crime of delivery of a controlled substance. *See State v. Boyd*, 92 Or App 51, 756 P2d 1276, *rev den*, 307 Or 77 (1988), *overruled by Hubbell*, 314 Or App at 848. The *Boyd* delivery doctrine was overruled by *Hubbell*, which determined that "attempted transfer" within the definition of "delivery" in ORS 475.005(8) did *not* mean that the defendant had intentionally engaged in conduct that constituted a substantial step towards commission of the crime, but instead described "an unsuccessful effort to cause the controlled substances to pass from one person to another." *Hubbell*, 314 Or App at 869.

Here, defendant was found in possession of 12.77 grams of methamphetamine, a scale in a bag with the drugs, packaging materials such as baggies and tin foil, and implements of use such as syringes, pipes, and other paraphernalia. However, there was no evidence that defendant or his codefendant, Beck, made an unsuccessful effort to pass those drugs to another person. Under the more recent law announced in *Hubbell*, the trial court plainly erred in entering defendant's conviction for unlawful delivery of methamphetamine for Count 1. Because we exercise our discretion and reverse defendant's conviction for delivery as plainly wrong, we need not consider defendant's second supplemental assignment of error that contends that the trial court plainly erred in permitting the state to argue a *Boyd* theory of liability.

Finally, we have authority, pursuant to the Oregon Constitution, to direct entry of a conviction for a lesser-included offense if we determine that that conviction should have been entered by the trial court. *Hubbell*, 314 Or App at 873. The state contends that, rather than simply reversing defendant's conviction for delivery of methamphetamine,

we should remand for entry of a conviction for the inchoate, lesser-included crime of attempted delivery. We agree.

A defendant commits the inchoate crime of attempted delivery of a controlled substance when that person takes a substantial step towards transferring a controlled substance. *See* ORS 161.405(1) ("A person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."); ORS 475.005(8) ("'delivery' means the actual, constructive or attempted transfer *** from one person to another of a controlled substance"). "Possessing a controlled substance with the intent to transfer it may constitute a substantial step toward actually transferring it." *State v. Newsted*, 297 Or App 848, 852, 444 P3d 527, *rev den*, 365 Or 557 (2019) (internal quotation marks omitted). Possession of materials commonly associated with the delivery of controlled substances, such as scales and packaging materials, may also support an inference that the person intends to commit delivery. *Id.* at 853.

In *Hubbell*, after overruling *Boyd* and reversing the defendant's delivery conviction, we remanded the case for entry of a conviction for attempted delivery, which the jury necessarily found as a lesser-included offense when convicting defendant of delivery. 314 Or App at 873. We concluded that the evidence was sufficient to support the conviction for attempted delivery. *Id.* We did the same in a subsequent case applying *Hubbell* called *State v. Buell*, 317 Or App 667, 671, 506 P3d 505 (2022), which we also remanded for entry of an attempted delivery conviction. In both, the defendants possessed extremely large quantities of drugs (375,000 doses in *Hubbell* and 17,000 doses in *Buell*) along with other materials associated with controlled substances delivery (individual baggies in *Hubbell* and a scale, baggies, and text messages asking about acquiring drugs in *Buell*). *Buell*, 317 Or App at 670-71; *Hubbell*, 314 Or App at 849.

We reached the opposite conclusion in *State v. Fischer*, a post-*Hubbell* case where we reversed the defendant's *Boyd*-based delivery conviction and determined that the evidence was insufficient to direct entry of an attempted delivery conviction. 315 Or App 267, 268-69, 500 P3d 29

(2021). In *Fischer*, the defendant possessed 42 doses of heroin and 89 doses of methamphetamine. *Id.* at 269. "The drugs were not broken down into separate user amounts, and she lacked distribution packaging. Defendant had no scales, cutting agents, unused packaging materials, or transaction records. There was no identifiable recipient of the drugs, and there was no indication of a plan or an impending transaction." *Id.* That evidence, we concluded, was insufficient to establish that the defendant had taken a "substantial step" towards the crime of delivery. *Id.*

This case is more like *Hubbell* and *Buell* than *Fischer*. Defendant and Beck possessed 12.77 grams of methamphetamine, which was all in one bag and not individually packaged. Officers testified that a typical dose of the drug was "less than a gram," that users commonly possess "1/16 of an ounce," which is approximately 1.75 grams, and that the quantity discovered here and the scale found with the drugs was more consistent with dealing than personal use. A scale was discovered in a bag with the methamphetamine, and unused plastic baggies and tin foil were found elsewhere in the vehicle. That evidence is legally sufficient to establish that defendant took a substantial step toward the crime of delivery, which the jury necessarily found in convicting defendant of the completed crime based on that evidence.

Conviction for delivery of methamphetamine reversed and remanded for entry of a conviction for attempted delivery of methamphetamine; remanded for resentencing; otherwise affirmed.