*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted December 20, 2022; in Case No. 20CR68263, conviction for delivery of methamphetamine reversed and remanded for entry of judgment of conviction for attempted delivery of methamphetamine, remanded for resentencing, otherwise affirmed; in Case No. 21CR06016, affirmed January 11, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VICTOR ISAIAS TORRES,
*Defendant-Appellant.*

Washington County Circuit Court
20CR68263, 21CR06016;
A176186 (Control), A176187

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

In Case No. 20CR68263, conviction for delivery of methamphetamine reversed and remanded for entry of judgment of conviction for attempted delivery of methamphetamine; remanded for resentencing; otherwise affirmed. In Case No. 21CR06016, affirmed.

**ORTEGA, P. J.**

Defendant appeals judgments of conviction in two criminal cases, but his main argument on appeal pertains to the sufficiency of the evidence as to one of the convictions in one of the cases. In Case No. 20CR68263, defendant was convicted of, among other things, unlawful delivery of a substantial quantity of methamphetamine. ORS 475.890. He argues that the trial court plainly erred in entering a judgment of conviction for that offense, because the state's theory of the offense was based on *State v. Boyd*, 92 Or App 51, 53, 756 P2d 1276, *rev den*, 307 Or 77 (1988), which this court overruled in *State v. Hubbell*, 314 Or App 844, 847-88, 500 P3d 728 (2021), *rev allowed*, 369 Or 504 (2022). The state concedes the error, and that concession is well taken. The parties dispute the remedy though. As explained below, we agree with the state that, based on this record, the proper remedy is to remand for entry of a judgment of conviction for attempted delivery of methamphetamine.[1] We further remand Case No. 20CR68263 for resentencing and otherwise affirm. In Case No. 21CR06016, we affirm because defendant has not raised any assignment of error as to that case.

A detailed discussion of the facts is not necessary in this case. Defendant contends that this case resembles *State v. Fischer*, 315 Or App 267, 500 P3d 29 (2021). In *Fischer,* we concluded that the state had presented insufficient evidence of attempted delivery of controlled substances where the only relevant evidence was that the defendant possessed substantial quantities of the drugs, noting that "[t]he drugs were not broken down into separate" dosages, the defendant did not possess materials commonly used for packaging or distribution of controlled substances, and "[t]here was no identifiable recipient of the drugs, and there was no indication of a plan or an impending transaction." *Id.* at 269.

Defendant is correct that in the present case, there was no evidence that the methamphetamine was broken down into separate doses nor that he possessed packaging

---

[1] Our acceptance of the state's concession obviates the need to address defendant's challenge to the jury instructions.

or distribution materials. There was, however, evidence that shortly before defendant's arrest, he told a woman that he was going to make money by selling methamphetamine in his possession, communicated to her by text message that he was going to meet with a named individual and sell him some of the methamphetamine but that he had more, came to her apartment, showed her the bag of methamphetamine, and asked her to assist in selling some of it. Those facts distinguish this case from *Fischer* and provide legally sufficient evidence that defendant took a "substantial step" toward the completed crime of delivery of methamphetamine. *See* ORS 161.405(1) (a person who intentionally takes "a substantial step toward commission of [a] crime" is guilty of attempt to commit such crime).

In Case No. 20CR68263, conviction for delivery of methamphetamine reversed and remanded for entry of judgment of conviction for attempted delivery of methamphetamine; remanded for resentencing; otherwise affirmed. In Case No. 21CR06016, affirmed.