524 January 31, 2024 No. 66

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEPHEN MARK FOREST,
aka Stephen Forest,
aka David Ronald Forrest,
aka Steve Forrest,
*Defendant-Appellant.*

Umatilla County Circuit Court
19CR59044; A177280

Daniel J. Hill, Judge.

Argued and submitted August 10, 2023.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed.

**PAGÁN, J.**

Defendant challenges his conviction for attempted delivery of methamphetamine. On appeal, defendant assigns error to the trial court's denial of his motion for a judgment of acquittal. Specifically, defendant argues that evidence of him possessing 5.78 grams of methamphetamine and about $1,500 in cash that was separated into purchase amounts was insufficient for a rational factfinder to infer that defendant took a substantial step toward the delivery of a controlled substance. For the following reasons, we agree that the trial court erred in denying defendant's motion for a judgment of acquittal. Accordingly, we reverse defendant's conviction.

A person commits the inchoate crime of attempted delivery of a controlled substance when the person possesses a controlled substance with the intent to deliver it and takes a substantial step toward the commission of that crime. *State v. Hubbell*, 371 Or 340, 361-62, 537 P3d 503 (2023). Intentional conduct occurs when a person "acts with a conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(7). A substantial step, which is a predicate for attempt liability and distinguishable from mere preparation, "occurs when a person's conduct (1) advances the criminal purpose charged and (2) provides verification of the existence of that purpose." *Hubbell*, 371 Or at 362.

In the present case, defendant possessed 5.78 grams of methamphetamine, was driving in his car, and was carrying about $1,500 in cash that was organized in a particular way. The state argues that this evidence was sufficient to show that defendant had taken a substantial step toward effecting a delivery of methamphetamine. In support of that argument, the state contends that this case is factually similar to *Hubbell* and *State v. Buell*, 317 Or App 667, 506 P3d 505 (2022), where we found there was sufficient evidence to convict the defendants of the inchoate crime of attempt.[1]

---

[1] *Hubbell* and our cases following it have largely focused on the completed crime of delivery and whether the evidence was sufficient to remand the case for entry of a conviction for the lesser-included offense of attempted delivery. Although not in the same procedural posture, we cite to these cases because they provide a framework for the question before us in this appeal: whether there was sufficient evidence to deny a motion of acquittal for the inchoate crime of attempted delivery.

However, we disagree that this case is similar to *Hubbell* and *Buell* because more evidence was presented in those cases to support a reasonable inference of *future transfer*. *See Hubbell*, 371 Or at 362 (evidence that the defendant possessed an exceedingly large amount of fentanyl that was prepackaged for sale); *Buell*, 317 Or App at 670-71 (evidence that the defendant possessed a large quantity of methamphetamine, a scale, an open box of sandwich bags, and text messages asking about acquiring drugs).

Instead, we find the facts of this case to be similar to *State v. Fischer*, 315 Or App 267, 269, 500 P3d 29 (2021), where we reversed the defendant's conviction for delivery of a controlled substance. *Id.* Although decided in a procedurally different context, *Fischer* is relevant because it discussed what evidence would be sufficient to support a conviction for attempted delivery. *Id.* In *Fischer*, the defendant possessed 4.28 grams of heroin in three bindles that "she [had] recovered by regurgitating them." *Id.* at 269. She also possessed 8.91 grams of methamphetamine in her handbag. *Id.* The state did not identify a potential recipient of the drugs or present evidence of a plan or an impending transaction. *Id.* Focusing on how the drugs were stored, we noted that they were not separated into user amounts, and that the defendant had no items that would indicate the drugs were intended for future transfer, such as scales, cutting agents, unused packaging materials, or transaction records. *Id.* We found that there was insufficient evidence that the defendant took a substantial step toward the crime of delivery, and thus declined to enter a conviction for the lesser-included crime of attempt. *Id.*

Here, defendant was arrested in the course of a routine traffic stop. He possessed 5.78 grams of methamphetamine—an amount less than the quantities that were inadequate to prove intent to deliver in *Fischer*. Defendant's methamphetamine was undivided and there were no packaging or distribution materials. The state did not identify a recipient for the drugs or present evidence of a plan indicating that defendant intended to sell the methamphetamine rather than use it himself. For those reasons, this case is too similar to *Fischer* to permit an inference that defendant

took a substantial step toward delivery. The trial court erred when it denied defendant's motion for a judgment of acquittal.

Reversed.