No. 17 January 2, 2025 301

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBIN RAY GILLILAND,
aka Robin R. Gilliland,
*Defendant-Appellant.*

Linn County Circuit Court
21CR05101, 21CR23169; A180990 (Control), A180991

Michael B. Wynhausen, Judge.

Submitted November 21, 2024.

Ernest G. Lannet, Chief Defender, and Anne Fujita Munsey, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

In Case No. 21CR05101, conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed. In Case No. 21CR23169, remanded for resentencing; otherwise affirmed.

**PAGÁN, J.**

In this consolidated appeal, defendant assigns error to (1) the denial of his motion for a judgment of acquittal on the charge of attempted delivery of methamphetamine in Case No. 21CR05101 and (2) the denial of his motion to suppress evidence in Case No. 21CR05101. We accept the state's concession on the first assignment but reject defendant's arguments as to the second.

*Denial of motion for a judgment of acquittal.* In his first assignment of error, defendant argues that the stipulated facts were legally insufficient to prove attempted delivery of methamphetamine, and that the trial court therefore should have granted his motion for a judgment of acquittal on that count. The state concedes that the court should have granted defendant's motion, and we agree and accept the concession. *See State v. Fischer*, 315 Or App 267, 269, 500 P3d 29 (2021), *rev den*, 371 Or 771 (2023) (holding that the evidence was legally insufficient to prove that the defendant had taken a substantial step toward committing delivery of heroin and methamphetamine where the defendant possessed 4.28 grams of heroin and 8.91 grams of methamphetamine, but there was no evidence that the defendant had taken steps toward delivering the substances). We therefore reverse defendant's conviction for attempted delivery of methamphetamine and remand for resentencing.[1]

*Denial of motion to suppress.* In his second assignment, which challenges the trial court's denial of his motion to suppress, defendant argues that this court should overrule its opinion in *State v. Krause*, 281 Or App 143, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017). We reject that argument for the reasons explained in *State v. Stevens*, 329 Or App 118, 126, 540 P3d 50 (2023), *rev den*, 372 Or 437 (2024).

In Case No. 21CR05101, conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed. In Case No. 21CR23169, remanded for resentencing; otherwise affirmed.

---

[1] Although defendant challenges his conviction in Case No. 21CR05101, that case and Case No. 21CR23169 were sentenced together, and we therefore remand for resentencing of both. *See, e.g.*, *State v. Vesa*, 324 Or App 674, 687, 527 P3d 786 (2023) (reversing a conviction in one case but remanding both cases consolidated on appeal for resentencing where "[d]efendant was sentenced together in both cases").